# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY BANTA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS,<br><br>    Defendant. | Case No. 2:11-cv-02074-JCM-GWF<br><br>**ORDER AND FINDINGS AND RECOMMENDATIONS**<br><br>Application to Proceed In Forma Pauperis (#1), Screening of Complaint (#1-1) and Motion for Appointment fo Counsel (#2) |

This matter is before the Court on Plaintiff's Application to Proceed In Forma Pauperis (#1), filed on December 7, 2011. The Court finds that Plaintiff is unable to prepay the filing fee. However, the Court also recommends that the Complaint (#1-1) be dismissed with prejudice as delusional and frivolous.

  **I.**  *In Forma Pauperis* **Application (#1)**

  Plaintiff Johnny Banta filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed in forma pauperis (#1) will be granted.

  **II.**  **Screening the Amended Complaint**

  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon

which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In his Complaint, as best the Court can tell, Plaintiff alleges that he had a problem as a young child with homosexuality.  Plaintiff claims that instead of receiving help, he was sent to a mental institution where he was given medication.  Plaintiff states that he was beaten and slammed over a TV.  Plaintiff further alleges that the Defendants were trying to get him to kill myself and on one occasion he took a knife to himself as a result of the government conspiracy.  Plaintiff then mentions the United States Supreme Court case U.S. v. Booker to support his argument that homosexual individuals should receive social security.  Plaintiff claims that he has been threatened, called a common criminal and told that he would be sent back to prison.  Plaintiff alleges that the Defendants, through TV programs and public abuse are trying to run him off of social security benefits.  Plaintiff claims he has a cause of action for a government conspiracy, the infliction of cruel and unusual punishment along with a violation of his equal protection rights.

The Court finds that these statements are fantastic, delusional and irrational and will therefore recommend that the Complaint be dismissed with prejudice as it is clear from the face of the Complaint (#1-1) that the deficiencies cannot be cured by amendment.  In light of the Court's recommendation of dismissal, Plaintiff's Motion for Appointment of Counsel is denied. Accordingly,

. . .

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#2) is **denied.**

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint should be **dismissed with prejudice** as delusional and frivolous and as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge